## W. A. BOSWELL ET AL. V. F. M. PANNELL.

No. 2424.   Decided December 8, 1915.

**1.—Burden of Proof.**

The burden of proving the facts necessary to entitle plaintiff to recover is upon him, and that of establishing defenses pleaded is upon defendant, and the burden does not shift with proof but remains, as so placed, throughout the trial.   (P. 438.)

**2.—Same—Pleading—Defense Available Under General Denial—Innocent Purchaser.**

Though plaintiff's right to recover in an action to cancel a deed for fraud may depend on proof of notice to a subsequent purchaser, and the burden thereof rest upon him, yet where defendant does not rest merely on a general denial, but pleads affirmatively his defense of innocent purchaser, thus entitling him to an affirmative instruction submitting that defense, he can not complain that in charging thereon the court treats the burden of proof on such defense as resting on him and requiring him to establish his want of notice by preponderance of evidence.   (Pp. 440, 441.)

**3.—Charge—Burden of Proof—Affirmative Error, or Omission.**

In a case where plaintiff's right to recover depended on proof of notice to a subsequent purchaser that plaintiff's conveyance of land was obtained by fraud, the issue arising under a general denial, a charge directing a verdict for defendant if, from a preponderance of the evidence, the jury find the purchaser to have been without notice of such fraud, was misleading and prejudicial to defendant, because it implied that the burden of proof was on him and required want of notice to be shown by such preponderance. Though not technically wrong, the error being, in strictness, one of omission, such charge is ground for reversal. Mexican Cent. Ry. Co. v. Lauricella, 87 Texas, 279, followed.   (Pp. 439, 442.)

**4.—Innocent Purchaser—Escrow—Deed Fraudulently Delivered.**

It is questioned, but not decided, not being involved in this appeal, whether one who by fraud obtains delivery of a conveyance to himself which the grantor had not delivered but deposited in escrow, can convey title to a subsequent purchaser ignorant of the fraud and absence of legal delivery.

Error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

Pannell sued Boswell and others and recovered judgment, which was affirmed on appeal by defendants, who then obtained writ of error.

*James M. Harris, Warren W. Moore, Geo. E. Shelley,* and *Fiset & McClendon,* for plaintiffs in error.—The charge casts upon defendant the onus of establishing by a preponderance of the evidence certain facts which are alleged by plaintiff to exist, and which are 'necessary to be pleaded and affirmatively proved by plaintiff in order to make out a prima facie case against defendant Barrow. In other words, the charge complained of requires defendant Barrow to disprove, by a preponderance of the evidence, facts which the law requires plaintiff to affirmatively prove by a preponderance of the evidence, as a prerequisite to making out a case against defendant Barrow, and, therefore, imposes upon said defendant a greater burden than the law imposes upon any defendant. Clark v. Hills, 67 Texas, 148; Railway Co. v. Lauricella, 87 Texas, 279; Railway Co. v. Parks, 97 Texas, 133; Byers Bros. v. Wallace, 87 Texas, 508; Railway Co. v. Burns, 71 Texas, 481; Railway Co. v. Day, 111 S. W., 663; Telephone Co. v. Luckett, 127 S. W., 859; Koppe v. Koppe, 122 S. W., 71, 72; Railway Co. v. Rankin, 118 S. W., 824; Beaty v. Railway Co., 91 S. W., 366.

*Henry Faulk* and *Albert S. Phelps,* for defendant in error.—The appellant, Barrow, having alleged that he was a bona fide holder of the land and note, and the appellee having shown by a preponderance of evidence that the original transaction was tainted with fraud and illegality of the worst character, this required appellant Barrow to establish his defense of innocent purchaser for a valuable consideration without notice, by a preponderance of the evidence, in that when fraud and illegality is shown the presumption that he was an innocent purchaser can not be indulged—but this casts upon him the burden of establishing same, and the charge of the court was more favorable to appellant than to appellee, as it only required appellant Barrow to establish same by a preponderance of the evidence. Hart v. West, 91 Texas, 184, 42 S. W., 544; Rische v. Bank, 84 Texas, 413, 19 S. W., 610; Blum v. Loggins, 53 Texas, 136; Collins v. Gilbert, 94 U. S., 761; Burkett & Barnes v. Miller, 106 S. W., 1153; Salmon v. Rural Independent Sch. Dist., 125 Fed., 242; Scherer & Co. v. Everest, 168 Fed., 828; 11 A. & E. Enc. of Law, p. 350, subject Escrow and cases cited in note 3; Beaumont Car Works v. Beaumont Improvement Co., 4 Texas Civ. App., 257, 23 S. W., 274; Pana v. Bounder, 107 U. S.,

542; Railroad Co. v. National Bank, 102 U. S., 348. Also cases from Massachusetts, New York, Pennsylvania, Indiana, California, Missouri, cited under sec. 815 of Daniel on Negotiable Instruments, all sustaining this rule; Rogers v. Burchard, 34 Texas, 453; Hamman v. Keigwin, 39 Texas, 42; Hume v. Ware, 87 Texas, 384; Moody v. Ogden, 31 Texas Civ. App., 395, 72 S. W., 253; Wilson v. Denton, 82 Texas, 531, 18 S. W., 620; Turner v. Cochran, 94 Texas, 480, 61 S. W., 923; Mulberger v. Morgan, 47 S. W., 738; People's Natl. Bank v. Mulkey, 61 S. W., 528; Johnson Co. Sav. Bk. v. Kemp Mercantile Co., 114 S. W., 403; Wright v. Hardie, 88 Texas, 653, 32 S. W., 885; 1 Daniel on Negotiable Instruments, sec. 815 (5th ed.), and the authorities cited thereunder; O'Mahoney v. Flannagan, 34 Texas Civ. App., 244, 78 S. W., 245; Watkins v. Edwards, 23 Texas, 443; Barnett v. Squyres, 93 Texas, 193, 54 S. W., 241; McDonald v. Miller, 90 Texas, 309, 39 S. W., 89; Stadtler v. Wood, 24 Texas, 624; Rogers v. Houston, 60 S. W., 445; Rogers v. Pettus, 80 Texas, 425, 15 S. W., 1093; Bremer v. Case, 60 Texas, 151; Walker v. Downs, 64 S. W., 682; Lindsay v. Freeman, 83 Texas, 261, 18 S. W., 731.

MR. JUSTICE YANTIS delivered the opinion of the court.

The purpose of this suit, which was filed by Pannell, the defendant in error, was to cancel a deed, and to recover a judgment for $1200 for the alleged misapplication of a vendor's lien note in said amount. The defendant in error recovered judgment against the plaintiffs in error, Boswell, Barrow and Boatwright, R. D. Shofner, one of the defendants in the trial court, having been dismissed from the suit. Boatwright did not prosecute an appeal from the judgment of the trial court. Boswell and Barrow appealed to the Court of Civil Appeals for the Third District, where the judgment of the trial court was affirmed. They are here on petition for writ of error, which was granted by this court, it then being inclined to the view that the trial court, in its charge, shifted the burden of proof from Pannell, who was plaintiff in the trial court, to Boswell and Barrow, who were defendants therein.

We adopt the statement of the case made by the honorable Court of Civil Appeals, which is as follows:

"This suit was brought by Fuller M. Pannell as plaintiff against J. B. Boatwright, W. A. Boswell, R. D. Shofner and T. H. Barrow, for the purpose of canceling a written contract for the conveyance of land, two certain deeds and a vendor's lien note hereinafter mentioned, on the ground that the same were fraudulently procured; and, in the alternative, for a moneyed judgment against said parties for the value of said note and the value of one of said tracts of land, alleging that theretofore, towit, in January, 1910, appellee was the owner of a certain tract of land situated in Milam County, Texas, containing 140 acres of land, and that said Boatwright claimed to own at that time a certain 640-acre tract of land, situated partly in Brown and partly in Mills Counties, Texas, which respective tracts of land plaintiff

and defendant Boatwright verbally agreed, through Boswell and Shofner, real estate agents, to exchange with each other upon the following conditions, towit:    That in consideration of plaintiff's conveying to Boatwright his tract of land, Boatwright would convey his tract to plaintiff, assuming to pay off a $600 vendor's lien note outstanding against it; and likewise agreed to pay the commissions due Boswell and Shofner by plaintiff and Boatwright for effecting said exchange, amounting to the sum of $600, it being understood that said exchange should not be effectual and no deeds should pass between them unless each party should furnish to the other within ninety days an abstract of title to their respective tracts of land, which should be pronounced a good and valid title by some competent Austin attorney.    Thereafter, it was suggested by Boswell and Shofner that it was desirable and better to reduce said agreement to writing.    Whereupon they prepared an agreement which was afterwards duly signed by Boatwright and submitted by them to plaintiff, which plaintiff signed without reading, believing upon their representations at the time that it was in substantial compliance with said verbal agreement, and contained all the provisions thereof; but said writing in fact did not contain all the stipulations of said verbal agreement, in that the same omitted that part of said agreement which provided that neither party was bound thereby, unless the title of each was pronounced good and satisfactory by said attorneys to whom the same was submitted, but only provided that abstracts should be furnished and warranty deeds executed.    Thereafter Boswell and Shofner stated to plaintiff that said Boatwright had no ready cash, and suggested that, in order to facilitate the exchange of said lands, when the abstract should be returned, that he should provide in his conveyance to Boatwright, as a part of the consideration, the execution by Boatwright to him of a vendor's lien note for $1200, which they, upon the consummation of said transaction, would sell, retaining out of the proceeds thereof $600 in payment of their commissions, and applying the balance to the satisfaction of said outstanding vendor's lien note of $600, against the Milam County land, which Boatwright had agreed to assume.    It was further understood between plaintiff and said Boatwright that upon the execution of their respective deeds as contemplated, that the same, together with the note above mentioned, should be placed in the hands of Boswell and Shofner in escrow, as their agents, not to be delivered until the terms of said agreement should be fully complied with; but notwithstanding that said deeds were so left with them in escrow, they, together with Boatwright, conspiring to cheat, swindle and defraud plaintiff out of the value of said land and note, fraudulently induced plaintiff to place his deed from Boatwright on record in Brown County, and proceeded at once to place plaintiff's deed to the Milam County land upon record, and thereafter caused Boatwright to convey said Milam County land to Barrow, and sold the vendor's lien note, which they in the meantime had fraudulently procured plaintiff to endorse and transfer to them,

applying the proceeds to their own use and benefit; that the title to the Brown County land was defective, and so pronounced by a competent Austin attorney, to whom the same was submitted, whereupon plaintiff at once demanded of Boswell and Shofner his deed and note, which was refused, on the ground that they had delivered his deed to Boatwright, and had sold the note, claiming that the agreement for the exchange permitted them so to do. Plaintiff further alleged that the said Barrow had actual and constructive notice of the terms of said agreement with Boatwright, and knew that said deed was held in escrow, and that if he did not have actual or constructive notice thereof, yet he had notice of such facts as would put him upon inquiry that would lead to a discovery thereof.

"Defendants, other than Barrow, denied specifically the alleged escrow agreement, asserting that the trade was fully consummated before the deeds passed, and specifically denied all other allegations of plaintiff as to fraud and collusion.

"Defendant Barrow denied specifically any participation in or notice of the alleged escrow agreement and of the alleged fraudulent acts of the other defendants, and alleged that he had paid a full and valuable consideration to defendant Boatwright for the Milam County land prior to any knowledge or information as to the alleged claim of fraud, or the escrow agreement asserted by plaintiff, and asked for judgment quieting his title to the land.

"The case being discontinued as to Shofner, proceeded to trial as against the other defendants, resulting in a verdict and judgment for plaintiff for the recovery of the Milam County land, and cancellation of the deeds from plaintiff to Boatwright and from Boatwright to Barrow; and against defendant Boswell for the sum of $1200 and interest, from which judgment Boswell and Barrow alone have prosecuted their appeals, and have filed their respective briefs.

"There was evidence tending to support the allegations of the pleadings of the respective parties.

"The court, after reciting the provisions of the contract as set out in plaintiff's petition in the fifth paragraph of its charge, proceeding to apply the law to the facts, charged the jury in the seventh and eleventh paragraphs thereof, as follows, towit:

" '7. If the jury find from a preponderance of the evidence in this case that the plaintiff and defendant Boatwright made and entered into the agreement as set out in paragraph 5 of this charge and the jury further find from a preponderance of the evidence that the defendant Barrow purchased said land from the defendant Boatwright before the consummation of said agreement and contract between the plaintiff and the defendant Boatwright, and that before the purchase of said property by said defendant Barrow from the said defendant Boatwright, the said defendant Barrow had notice, either actual or constructive, as hereinbefore defined and explained, of the agreement, if any, between the plaintiff and defendant Boatwright, as set out in

paragraph 5 of this charge, then the jury will find a verdict for the plaintiff against the defendant Barrow for the cancellation of said deed from defendant Boatwright to defendant Barrow, and for the recovery of said land described in said deed. If, however, the jury find from a preponderance of the evidence that the defendant Barrow purchased said land from the defendant Boatwright without notice of said alleged agreement set out in paragraph 5 of this charge, and for a valuable consideration, then the jury will return a general verdict for the defendant Barrow.

" '11. If the jury find from a preponderance of the evidence that there was an agreement between plaintiff and defendant Boatwright, as set out in paragraph 5 of this charge, and further find from a preponderance of the evidence that the defendant Boswell had no knowledge of said agreement and did not agree to hold said deeds and note as alleged by plaintiff, then the jury will find for the defendant Boswell as to the plaintiff's cause of action against him.' "

Barrow contends that the last sentence in section 7 of said charge required him to disprove by a preponderance of the evidence facts which the law required the plaintiff to affirmatively prove by a preponderance of the evidence in order to recover, and thereby imposed a greater burden upon him than required by law, and that this shifted the burden of proof as to the plaintiff's alleged cause of action to him; that all the facts which said charge required him to prove by a preponderance of the evidence were essential for the plaintiff to prove by a preponderance of the evidence to entitle him to recover. If this were true it would present a serious question. The burden of proof never shifts from the plaintiff to the defendant, but is upon the plaintiff throughout the trial to establish by a preponderance of the evidence the affirmative of the issue or issues upon which he relies for a recovery. It is an old and well settled rule that the burden of proof rests upon the plaintiff to establish his case by a preponderance of the evidence. It has been so long in use that many consider it a mere formality, but it is not so. It is no idle ceremony, but its office is important and indeed indispensable in the administration of justice. It should be jealously guarded by the courts, for a trial without it would in many instances be a mockery, and in all instances unfair, resulting often in a miscarriage of justice. But it is one of those rules which operates alike for the plaintiff and the defendant. That is, the burden is on the plaintiff to establish by a preponderance of the evidence the issues upon which he relies for a recovery; and likewise it is upon the defendant to establish his defenses to the plaintiff's alleged cause of action, by a preponderance of the evidence. So that when the court charges the jury he should apply the rule to the plaintiff's alleged cause of action, and then apply it also to the defendant's defense or defenses. These rules of practice are familiar to all, and require no citation of authorities. If, therefore, the charge shifted the burden of proof to the defendant Barrow to disprove the allegations essential for the

plaintiff to prove in making out his case, it would be erroneous. It is
true that in the form charged it would not be, technically speaking,
affirmative error, for, as stated by Mr. Justice Rice, 146 S. W., 233,
in his able opinion in this case when it was decided by the honorable
Court of Civil Appeals, "The court did not make an incorrect state-
ment of the law; because it is true that if the jury found from a pre-
ponderance of the evidence that the defendant Barrow purchased said
land from Boatwright, without notice of the agreement set forth in
the petition, then it was their duty to find for him; said charge did
not undertake to say that they could not find for him upon less than
a preponderance of the evidence." In this view the error would only
be one of omission, and could not be complained of by Barrow in the
absence of a requested instruction by him seeking to cure the error of
omission. By a strict technical construction this view is sound. But
we think, notwithstanding such is true, that the charge in this form,
by implication shifts the burden of proof, and is calculated to mislead
the jury, if it were applied to mere negative of the plaintiff's cause of
action. In the case of Mexican Cent. Ry. Co. v. Lauricella, 87 Texas,
279, 47 Am. St., 103, 28 S. W., 277, a very similar charge was con-
demned by this court, speaking through the late Chief Justice Gaines.
In that case there was a derailment of the train upon which the plaintiff
therein was being carried, and his suit was for personal injuries. His
relation to the company was that of a passenger. The train consisted of
freight cars, and he, with others, was being transported over the road
by the defendant company thereon. The car he was on was loaded in
part with piles. It was alleged that the accident was caused by the
running of the train at a dangerous rate of speed; by the negligent
manner in which the piling was loaded upon the cars, and by negli-
gently running over a bull which was found upon the track. The
court said:

"The court upon the trial charged the jury, in substance, that they
should find for the plaintiff if they believed that the accident was
caused either by the running of the train at a dangerous rate of speed,
or by the negligent loading of the piles, or by the failure to keep a
careful lookout for obstructions on the track, or by two or more of these
causes combined, unless they should find as thereinafter instructed; and
proceeded to instruct them, in effect, that if they believed from a pre-
ponderance of evidence that the train was not run at a dangerous rate
of speed, and that the piles were not negligently loaded on the cars, and
that the employes of the company did not fail to keep a proper lookout,
they should find for the defendant. Then followed a charge upon con-
tributory negligence, to which no objection is made. Upon the issues
as to the negligence of the defendant, the charge shifted the burden
of proof and placed it upon the company, and was, therefore, erroneous.
Although the derailment of the train may have been sufficient to raise
the presumption of negligence, yet it did not devolve upon the defendant
the duty of showing by evidence of a preponderating weight that the

accident was not the result of its negligence. It was entitled to a verdict if the evidence upon the issue was balanced—that is, if it preponderated on neither side. Clark v. Hills, 67 Texas, 148, 2 S. W., 3561."

The charge, as stated, would be erroneous if in fact it placed the burden, as the plaintiff in error contends, upon him to disprove the facts which it was necessary for the plaintiff to prove to establish his case. But it would not be erroneous if applied only to the defense pleaded by Barrow, and upon which he relied to defeat the case alleged by the plaintiff, and this, we think, was the effect of such charge. The portion of the charge complained of submits more, far more than the mere negative of the plaintiff's alleged cause of action. It submits the defense of the plaintiff in error Barrow as pleaded by him. Barrow's answer consists of several special exceptions, a general denial, and two special answers, which affirmatively alleged that he had no knowledge of the acts of fraud alleged by Pannell, and with much emphasis, even to the extent of repetition, he alleged also that he was an innocent purchaser without notice, and in good faith, for value, of the Milam County tract of land from Boatwright. The court's charge has direct application to this special defense, and as applied thereto is a correct charge; Barrow voluntarily made and relied upon this defense, and assumed the burden to prove it by a preponderance of the evidence. He need not have done so; he could have relied entirely on the failure of the plaintiff, Pannell, to prove his case, standing upon his bare denial of the plaintiff's allegations of fraud and notice of fraud, and confined his defense to evidence rebutting the plaintiff's case. But Barrow did not see proper to go to trial upon pleadings which would not require the court to charge any defense to the jury except the defense that if the plaintiff, Pannell, had failed to establish his case by a preponderance of evidence, to return a verdict for him. He pleaded enough that the court would be called upon to go further and charge the jury that if Barrow purchased the land without any notice of the alleged fraud, and for a valuable consideration, they should return a verdict in his favor. It may have been considered, and doubtless is true, that the defendant Barrow had a better chance before the jury with such a charge given, distinctly instructing them that if Barrow was an innocent purchaser for a valuable consideration he ought not to lose the land. Be this as it may, Barrow did present this special answer to which that portion of the charge of the court complained of had direct application. He set forth affirmatively this defense. It was, therefore, incumbent upon the court to charge upon it. In charging it as a defense the court required Barrow to establish it as a defense by a preponderance of the evidence. Certainly no complaint can justly be made of the trial court for charging the defendant's defense, and undoubtedly when charging it, the duty arose to place the burden of proof as to such a defense upon the defendant who had pleaded it. If this is a greater burden than should have rested upon the defendant Barrow, the reply is, that it is the burden which the

defendant voluntarily assumed when he refused to rest on the inability of the plaintiff, Pannell, to establish his case, or upon his own ability to defeat it by rebuttal evidence. This defense, as alleged, and as charged, presented a defense that was easy for the jury to comprehend and appreciate the importance of to Barrow, and considered by many to be both plausible and popular in jury trials, and no doubt augmented Barrow's chances with the jury. Suppose the court had failed to charge on this defense, and that the defendant Barrow had requested a special charge in writing, covering the defense, and that the court had refused to give the special charge, would not Barrow have a right to be here now, complaining that the court refused to submit his defense to the jury, although it was requested in writing? This question in some measure tests the soundness of the court's action in charging the defense which was specially pleaded by the defendant Barrow.

We do not hold that if in fact Barrow purchased without notice from Boatwright, and paid a valuable consideration for the land, that he would be entitled to hold it as an innocent purchaser if Pannell placed his deed in escrow, with the agreement that it should not be delivered, and if it was fraudulently delivered to Boatwright, and by him fraudulently sold to Barrow, or that such would be a sound defense by Barrow in the trial of this case. For under such circumstances a serious question is presented as to whether Boatwright could convey title to Barrow, though an innocent purchaser, since he acquired no title from Pannell by reason of such fraud and in the wrongful delivery of the deed. We do not decide this question, as in the view we take, it is not involved in this case. But even if it be granted that under such circumstances Barrow could not have acquired title, though he was an innocent purchaser for value, and that the defense pleaded was not a legal defense, still Barrow could not complain if the court submitted this theory at his request to the jury, for in such event it would merely be giving him the benefit of more than he was entitled to by law. The question of innocent purchaser without notice need not be decided in this case, and we do not decide it, believing it would be improper to do so since it was submitted to the jury on the theory whether or not Barrow had notice of the transaction being tainted with fraud, and the jury found from the evidence that he had such notice when he purchased the land. The jury having found that he had notice, it would be useless to ascertain what would have been Barrow's legal rights if he had not had notice, but was an innocent purchaser. Such a discussion would profit no one, and would still leave the question unsettled, for it not being involved, what we might say would not be binding here, nor a precedent for later cases. But it has been held by this court in the case of Link v. Page, 72 Texas, 596, 10 S. W., 699, that ". . . where the owner of real property negligently clothes another with the apparent title to it, although the execution of the instrument which purports to convey the title may be obtained by fraud, and third parties being misled thereby innocently purchase and pay value for the

property, he should be held estopped to deny the validity of the conveyance." See also Steffian v. Bank, 69 Texas, 513, 6 S. W., 823; Tyler B. & Loan Association v. Beard and Scales, 106 Texas, 554, 171 S. W., 1200.

The plaintiff in error, Boswell, is in a different attitude. He did not plead any special defense. His answer consisted of a general denial, and a special denial of participation in, or knowledge of, any of the alleged fraudulent acts of co-defendants. He rested entirely on this, without pleading any affirmative defense in answer to the plaintiff's alleged cause of action. This called for no charge upon any defense, except the negative of the plaintiff's case. In this state of the record the court charged as follows:

"11. If the jury find from a preponderance of the evidence that there was an agreement between plaintiff and defendant Boatwright as set out in paragraph 5 of this charge, and further find from a preponderance of the evidence that the defendant Boswell had no knowledge of said agreement and did not agree to hold said deeds and note as alleged by plaintiff, then the jury will find for the defendant Boswell as to the plaintiff's cause of action against him."

We think the latter portion of the charge by implication shifts the burden of proof and places it upon Boswell to disprove the identical facts which the plaintiff was required to prove by a preponderance of the evidence in order to recover. That which the plaintiff had assumed the burden to prove, under this charge, by implication, became the burden of Boswell to disprove. At least we think that was the probable impression it made upon the jury, though it may not, and indeed should not, convey such meaning to persons trained in the analysis of court charges, as indicated by us in the above discussion of a similar charge as applied to the plaintiff in error, Barrow. We think the charge as applied to Boswell was misleading in its nature, and while the court's general charge, in another section, placed the burden of proof upon the plaintiff in proper form, and may have prevented the jury from being misled, yet it was calculated to mislead them, and we think for this error the case should be reversed as to the plaintiff in error Boswell.

We have examined the other questions presented, in which we sustain the holdings of the Court of Civil Appeals.

We conclude the judgments of the Court of Civil Appeals and the District Court should be reversed as to Boswell, for the error indicated, and should be affirmed as to the plaintiff in error Barrow, and as to the defendants Boatwright and Shofner, and it is accordingly so ordered.

*Affirmed in part and in part reversed and remanded.*