### OTJEN v. MITCHELL et al.
### No. 3407.

Court of Civil Appeals of Texas. Amarillo.
April 30, 1930.

Lockhart, Garrard & Brown, of Lubbock, for appellant.

Wilson, Randal & Kilpatrick, of Lubbock, for appellees.

RANDOLPH, J.

This suit was filed by Otjen as plaintiff against C. C. Mitchell and the First National Bank in Lubbock, defendants. Judgment for plaintiff against defendant Mitchell alone and against plaintiff in favor of defendant bank, from which judgment the plaintiff has appealed.

The plaintiff's suit was based upon a promissory note in his favor signed by the defendant Mitchell, and the payment of which note was secured by a mortgage upon a cotton crop. The bank's liability is alleged in the petition to have been occasioned by the issuance of a hail insurance policy, for which the note sued on was given, and that, in consideration of the said hail insurance policy being made payable to the defendant bank, as its interest may appear, the bank signed a written waiver of its mortgage in favor of a mortgage held by the plaintiff, upon so much of the crop as was necessary to pay the note sued on—waiving its lien on the crop to that extent. It is further charged that the proceeds of the cotton crop were thereafter appropriated by the bank, contrary to the terms of the waiver.

The evidence shows that the mortgage of the plaintiff covered one hundred acres of the crop on the east one-half of section 6, block D2, and that the whole of the crop consisted of two hundred acres.

Waiving any discussion of the failure of the mortgage to identify the particular part of the crop out of the two hundred acres, it is apparent that the plaintiff failed to show that the defendant bank appropriated the proceeds of the cotton covered by the plaintiff's mortgage.

The defendant Mitchell testified:

"At the time I received the hail insurance policy and at the time of the execution of the note inquired about, I had already given a mortgage to the First National Bank at Lubbock. I raised fifty-four bales of cotton on the entire 200 acres. I do not know how

many bales were raised on the 100 acres insured.

"I paid off my debt due the First National .Bank in Lubbock. I received the money with which this debt was paid from the cotton out of the 200 acres. I cannot say for sure if I paid any part of the debt due the First National Bank in Lubbock from the proceeds of the sale of the one hundred acres of cotton upon which the hail insurance policy covered."

The president of the defendant Bank testified:

"I don't know whether he paid the bank in cash or by check. I could look it up and see but I cannot tell you right now. My recollection is that he paid me in cash. I think his settlements were all with me, and that he brought the cash in there and paid me. That is the reason I questioned him closely about what he had out there. I am not certain whether in cash or checks but he paid off. Yes, it is my memory that he paid me primarily in cash. At this time I do not know from what source this cash came from. I don't know whether it was paid in cash or by check and if it was paid in cash I don't know where the cash came from, and if it was paid by check I don't know where the check came from."

■ The rule is that the burden of proof rests upon the plaintiff to establish his case by a preponderance of the evidence. Boswell v. Pannell, 107 Tex. 438, 180 S. W. 593; Kirby Lumber Co. v. Stewart (Tex. Civ. App.) 141 S. W. 295.

■ The case having been submitted to the court without the intervention of a jury, his decision on the facts has the same conclusive effect as the verdict of the jury. Jordan v. Brophy, 41 Tex. 284.

Finding no error committed on the trial of the case, we affirm the trial court's judgment.