**SLAY et al. v. DUBOSE et al.**
**No. 14128.**

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 18, 1940.

Rehearing Denied Nov. 15, 1940.

Guinn & Guinn, of Rusk, and S. M. Adams and R. A. McAlister, both of Nacogdoches, for appellants.

Norman, Stone & Norman, of Jacksonville, and Shook & Shook, of Dallas, for appellees.

BROWN, Justice.

This is an appeal from a judgment of the district court of Cherokee County, in which a will and a subsequent codicil that were prepared and published by one W. C. Davidson, were admitted to probate and an instrument, purporting to be a later will, which was offered for probate, was denied.

The record discloses that subsequent to the execution of the first will and its codicil, the testator, Davidson, became a non compos mentis, and Hattie E. Boyett, on proper application made in the county court of Cherokee County (in which Davidson had his residence) was appointed guardian of his person and estate. The order of the probate court is dated September 26th, 1938.

The application for letters of guardianship specifically sets forth that the estate, consisting of lands and ·personalty, is situated in Cherokee County.

About the middle of December, 1938, the guardian, who lived in Nacogdoches County, carried Davidson to said county and rented a room for his occupancy, in a home near where she lived. Davidson died about May 26th, 1939, in said Nacogdoches County.

The application for probate of the original will and codicil was filed in the county court of Cherokee County, and contains the recitation that Davidson was a resident of said county, at the time of his death.

Appellants contested the entire proceedings by presenting a plea in abatement, alleging that Davidson was a resident of Nacogdoches County, when he died, and producing what purports to be a will executed by Davidson subsequent to the will and codicil which were presented for probate.

The proponents of the original will alleged that Davidson was only in Nacogdoches County temporarily, having been brought there by his guardian for a temporary stay. The pleading also specifically set forth the fact that the bulk of Davidson's estate is situated in Cherokee County.

A jury was demanded and at the conclusion of the taking of evidence, the trial court prepared a charge containing six special issues.

The first required the jury to find whether or not Davidson signed the original will offered for probate; the second made inquiry concerning the testator's request of the named witnesses to sign the instrument, their signatures thereto and the statement of the testator concerning the instrument; the third and fourth issues are similar to the first and second and relate to the codicil to the original will; the fifth issue inquired as to the signature of Davidson to the will offered by the appellants (contestants); the sixth issue was made dependent upon the answer to the fifth.

The charge, as prepared, was not given to the jury because of certain objections and admissions and requests made by appellants (contestants).

They admitted the facts inquired about in issues 1, 2, 3 and 4, and asserted that they are "uncontradicted" and are "proven without controversy".

Thus it appears that appellants make no fight on the bona fides of the original will and its codicil, but that their fight was bottomed on the validity of the subsequently dated document.

No objection was made to issue No. 5, and several objections were urged against issue No. 6.

In one paragraph of appellants' objections they object: "To the charge in its entirety, because there is only one issue of fact involved in the case, and that is, whether or not the instrument offered by the contestants is a forgery."

In connection with the court's proposed charge, appellants requested the court to give the following: "Special Requested Issue No. 2: Do you find from a preponderance of the evidence that W. C. Davidson resided in Nacogdoches County, Texas, at the time of his death?"

When the objections noted were made, and the requested issue quoted was presented, the trial court took appellants at their word, and submitted the following issues: "(1) Do you find from a preponderance of the evidence that when W. C. Davidson died, his domicile or fixed place of residence was in Nacogdoches County, Texas; (2) Do you find from a preponderance of the evidence that W. C. Davidson did sign his name to the writing dated April 25th, 1935, purporting to have been

witnessed by A. B. Burroughs and C. L. Collins?"

Issue No. 2 covers the instrument that appellants seek to have probated as the last will and testament of W. C. Davidson.

The jury answered both issues, "No".

When the new charge was presented to counsel, appellants offered a number of objections thereto.

On the verdict, the trial court rendered judgment for the proponents of the original will and codicil.

In the motion for a new trial, error is urged because the court did not give the specially requested issue No. 2, quoted supra, and urged that the trial court erred in not "amending and correcting and modifying his charge in line with the contestants' exceptions and objections", and again set forth all such in haec verba, including all admissions mentioned above, and set forth further that the trial court "does not submit the defensive theory of the contestants on their plea in abatement with respect to whether or not W. C. Davidson was a resident of Nacogdoches County at the time of his death, and in this connection contestants submit special requested issue No. 2", and set forth further the objection: "To the charge in its entirety because there is only one issue of fact involved in the case, and that is, whether or not the instrument offered by the contestants is a forgery."

Contestants' amended motion for a new trial was overruled and an appeal taken to the Court of Civil Appeals for the Texarkana District, and the cause was transferred to us by the Supreme Court.

The first assignment of error asserts that the trial court erred in overruling appellants' plea to the jurisdiction because the evidence conclusively shows that at the time Davidson died he was a resident citizen of Nacogdoches County, and not of Cherokee County.

No such assignment of error appears in appellants' motion for a new trial, and we cannot consider it here, no fundamental error being presented.

If we were called upon to consider the assignment of error there is no merit in it, because the evidence not only does not conclusively show that Davidson was a resident citizen of Nacogdoches County, when he died, but the jury was warranted in finding from the evidence that he did not have his domicile or fixed place of residence in Nacogdoches County, when he died.

There was no contention on the part of any one that Davidson did not have his domicile in either Cherokee County or Nacogdoches County. It is indisputably shown that he had "always" resided in Cherokee County and that he was taken from such county to Nacogdoches County by his guardian, for a temporary stay, only a few weeks after the letters of guardianship were issued and that he died in less than six months after he was taken to Nacogdoches County for the winter.

Davidson's residence was established when the guardianship letters were issued and the only issue that could have arisen under this record is whether or not his residence, as contemplated by the statute (Art. 3293, R.C.S.), had been changed.

We are of opinion that appellants have openly admitted every material fact except the invalidity of the will they offer for probate, and it is quite certain that, if the burden of proof was erroneously placed upon the contestants in submitting issue No. 1, this error was expressly invited by appellants. Thompson v. Planters' Compress Co., 48 Tex.Civ.App. 235, 106 S.W. 470, and cases cited.

In submitting issue No. 1, the trial court used the exact language of the statute (Art. 3293, R.C.S.), and objections to the issue on the theory that there is a difference between "domicile" and "fixed place of residence" are without merit. A domicile and a fixed place of residence are synonymous.

We are further of opinion that if the evidence is strong enough to raise an issue of whether or not the guardian intended to change, or did change, the place of residence of her ward from Cherokee County to that of Nacogdoches County (and we seriously doubt the premise), then the jury had a right, under such evidence, to find the answer that was returned to issue No. 1.

Furthermore, we desire to say that if there had been a similar issue submitted as touching upon such domicile in Cherokee County, and if the jury had found that Davidson had no such domicile in Cherokee County, nevertheless, the trial court was confronted with the undisputed fact that the "principal property" owned by Davidson was in Cherokee County when he died.

Owens v. Stovall, Tex.Civ.App., 64 S.W.2d 360, writ refused, supports our discussion.

All assignments of error urged against issue No. 1 are overruled.

See Boswell v. Pannell, 107 Tex. 433, 180 S.W. 593, which supports the contention that contestants assumed (in their plea in abatement) the burden of proof as to the issue of the domicile of Davidson in Nacogdoches County.

We find no merit in any of appellants' contentions, and the judgment of the trial court is affirmed.