**TEXAS LLOYDS INS. CO. v.
HARBURGER et al.**

No. 12442.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 1, 1952.

Rehearing Denied Oct. 29, 1952.

House, Mercer & House, San Antonio, for appellant.

Forrest A. Bennett and John Gilliland, San Antonio, for appellees.

MURRAY, Chief Justice.

This suit was instituted by P. Harburger, d/b/a—Travis Auto Finance Company, hereinafter referred to as Harburger, and Morgan R. Dunn, hereinafter referred to as Dunn, as plaintiffs, against Texas Lloyds Insurance Company, hereinafter referred to as Texas Lloyds, as defendant, seeking to recover the value of a certain Pontiac Sedanette automobile totally destroyed in a wreck during the time an insurance policy issued by defendant was in full force and effect.

The trial was before the court without a jury and resulted in judgment for plaintiff in the sum of $1,645.00, Harburger to receive the sum of $939.51 and Dunn the sum of $705.49, together with interest. From that judgment Texas Lloyds has prosecuted this appeal.

While appellant's only answer was a general denial, its attorney appeared at the trial and undertook to defeat liability upon the ground that Dunn had sold the automobile before the collision without reporting the fact to appellant, and under the terms of the policy the insurance was automatically cancelled.

The policy recites that Dunn was the sole owner of the automobile and the only encumbrance was a note and mortgage held by Harburger. There was a stipulation that there had been no transfer of the certificate of title. The only evidence in the record of any probative force was the testimony of appellant's adjuster Louis Bishop, to the effect that after the wreck Dunn told him that he had sold the automobile to one Arizona Barnes, some time before the wreck. This was a statement by an interested witness which the trier of facts had a right to disregard and, inasmuch as judgment was rendered in favor of appellees, we must assume that the trial judge did not give weight to this testimony. The burden of proof was upon appellant to show by a preponderance of the evidence that there had been a change in the ownership of the automobile after the insurance was issued and before the wreck took place. At

958

most the evidence only raises the issue which was decided against appellant.

In Dixie Fire Insurance Company v. Henson, Tex.Com.App., 285 S.W. 265, 267, the Court said:

"Whether the instrument executed by J. R. Henson to C. D. Shamburger evidenced a sale of his interest in the property, or merely a mortgage upon the same, was clearly a question of fact. Not only so, but, if the transaction was a mortgage, or attempted mortgage, it was not shown to be valid. Under the pleadings, in order to avoid the policy upon this account, it was incumbent upon the plaintiff in error to allege and prove a change in the interest, title, or possession of the property, after the issuance of the policy. It has not done this. It specifically relies upon the instrument of November 25, 1922, as evidencing such change of interest or title, and it is practically undisputed that at that time the property was the homestead of Henson and his wife, and there is nothing in the record requiring a holding that the attempted mortgage was executed for the purpose of securing an existing lien. There is some evidence in the record of a prior mortgage of date May 25, 1921, covering the same property, but there is likewise evidence from which the court could have found that the property was homestead even upon that date, and, the burden of proof being upon the insurance company to show the validity of the mortgage, in any event, the judgments of the trial court and Court of Civil Appeals cannot be said to be wrong as matter of law."

See also, Fireman's Insurance Co. of Newark, New Jersey v. Universal Credit Company, Tex.Civ.App., 85 S.W.2d 1061; Boswell v. Pannell, 107 Tex. 433, 180 S.W. 593; 17 Tex.Jur., 319, § 95.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

Our attention has been called to the fact that we were in error in stating that the only answer filed by appellant was a general denial, in that appellant filed an amended answer and a trial amendment in which it alleged that Dunn had conveyed the Pontiac to one Arizona Barnes who had transferred it to one John L. Juker, and that Dunn was neither the owner nor the driver of the Pontiac at the time of the accident, and that such conveyance of the Pontiac, without the approval of Texas Lloyds, violated the terms of the policy and had the effect of relieving the company from any liability under the policy.

We are glad to acknowledge this inaccuracy. In our opinion, however, it in no way affects the decision.

We have carefully considered appellant's motion for a rehearing and same is overruled.