For the error in giving the peremptory instruction to find for the plaintiff, the judgment is reversed, and the cause remanded for another trial.

FRITTER v. PENDLETON et al.

(Court of Civil Appeals of Texas.	Feb. 8, 1911.	Rehearing Denied March 8, 1911.)

1. PLEADING (§ 205*) — DEMURRER—GENERAL AND SPECIAL DEMURRER.

A demurrer stating that "specially demurring defendant says that such petition is insufficient in law because it does not set out the facts constituting the cause of action with sufficient certainty" is a general demurrer; and labeling it a special demurrer does not change its character.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 491; Dec. Dig. § 205.*]

2. VENUE (§ 32*)—WAIVER OF OBJECTIONS—PRIVILEGE.

Where an action was filed March 31, 1908, and a plea of privilege followed exceptions and a general denial in an answer filed on January 26, 1910, the plea of privilege was waived by defendant.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

3. PLEADING (§ 290*)—FRAUD ON JURISDICTION—VERIFIED PLEADINGS.

A plea of fraud on the jurisdiction not verified is a nullity.

[Ed. Note.—For other cases, see Pleading. Cent. Dig. § 861; Dec. Dig. § 290.*]

4. BROKERS (§ 82*)—COMMISSION—ISSUES AND PROOF.

Where the basis of an action was a promise to pay commissions for the sale of land, it was immaterial whether the land belonged to defendant or his wife, or whether it was a separate tract or an undivided interest in a tract, and hence evidence showing such facts did not establish a variance.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 103; Dec. Dig. § 82.*]

5. TRIAL (§ 55*)—ABSENCE OF DEFENDANT—EXPLANATION.

Where defendant was not called upon to account for his absence at the trial, the fact that he was paralyzed in his limb was properly

excluded, as it could have no other purpose than to excite sympathy.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 130; Dec. Dig. § 55.*]

6. BROKERS (§ 55*) — COMMISSIONS—PROCURING PURCHASER.

In an action for commissions, where the evidence showed that brokers procured a purchaser who was willing, able, and ready to buy the land, and who did buy the land, they were entitled to commissions, although the deal was closed by the agent for the purchaser.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 82–84; Dec. Dig. § 55.*]

Appeal from Bexar County Court; P. H. Shook, Judge.

Action by R. Pendleton against F. S. Fritter, B. F. Nicholson, and D. K. Furnish. From a judgment for plaintiff and judgment for defendants Nicholson and Furnish, over against Fritter, defendant Fritter appeals. Affirmed.

W. L. Clamp and Guinn & McNeill, for appellant. John D. Hartman and Mason Williams, for appellees.

FLY, J. This is a suit instituted by R. Pendleton against F. S. Fritter, B. F. Nicholson, and D. K. Furnish to recover the sum of $413.88 alleged to be due on a claim by appellant to Nicholson & Furnish for commissions for the sale of land, and which was assigned by them to Pendleton. Appellant filed general and special demurrers and a general denial. The cause was tried by jury, and resulted in a verdict and judgment in favor of Pendleton against the other parties, and judgment in favor of Nicholson & Furnish over against appellant.

The first assignment of error claims that the court erred in overruling what is denominated a special demurrer, but which is a general demurrer. The demurrer is: "And, specially demurring, he says that said petition is insufficient in law, because it does not set out the facts constituting the cause of action with sufficient certainty." The exception is undoubtedly a general demurrer, and labeling it a special demurrer does not change its character. Railway v. Granger, 85 Tex. 574, 22 S. W. 959. The petition is good as against a general demurrer.

The second and fourth assignments are based on certain special exceptions which were overruled by the court. The exceptions were properly overruled. The court did not err in striking out the plea of privilege and allegations of fraud in the transfer of the claim against appellant. This suit was filed on March 31, 1908, and the plea of privilege followed exceptions and a general denial in an answer filed on January 26, 1910. The plea of privilege was waived by appellant. The plea setting up fraud on the jurisdiction followed a plea to the merits and was not verified by affidavit, and was a nullity. Wilson v. Adams, 15 Tex. 323;

Taylor v. Hall, 20 Tex. 211; Graham v. McCarty, 69 Tex. 323, 7 S. W. 342.

There was no error in admitting in evidence the transfer of the claim by Nicholson & Furnish to Pendleton. There was no variance between the allegation and proof. The basis of the action was a promise to pay commissions for the sale of certain land, and it did not matter whether it belonged to Fritter or his wife, or whether it was a separate tract or an undivided interest in a tract.

The fact of appellant being paralyzed in his limbs had no connection with any issue in the case, and evidence bearing on that subject was properly excluded. He was not called upon to account for his absence from the trial, and the evidence could have been desired for no other purpose than to excite sympathy or arouse prejudice or passion.

The charge objected to in the eighth assignment of error conformed to the pleadings, and does not permit a finding except according to the terms of contract. It was not alleged in the petition that the land belonged to appellant, and, if appellant agreed to pay commissions for the sale of the land, it did not matter who owned it, and he was bound on his contract. The evidence showed that a purchaser for the land was procured by Nicholson & Furnish who was willing, able, and ready to buy, and who did buy, the land. Stafford did not procure the purchaser. He was the agent of the purchaser who closed the deal brought about by Nicholson & Furnish.

None of the assignments of error can be sustained, and the judgment is affirmed.