KIRBY LUMBER CO. v. STEWART.

(Court of Civil Appeals of Texas. Galveston. Nov. 16, 1911.)

1. EVIDENCE (§ 94*) — BURDEN OF PROOF — SHIFTING.

The burden remains on plaintiff to prove the affirmative matter essential to the cause of action alleged, and does not shift though plaintiff proves a prima facie case, unless defendant seeks to overthrow by proof of a substantive defense, in which case defendant has the burden of proving the defense relied on.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 116, 117; Dec. Dig. § 94.*]

2. TRESPASS (§ 44*)—TRESPASS TO REALTY—ISSUES—BURDEN OF PROOF.

Plaintiff suing for cutting timber on his land must prove his ownership of the land, and that the timber taken was his timber, and defendant relying on a contract of sale of timber executed by plaintiff's predecessor in title does not have the burden of proof to show that the timber taken was on the land included in the conveyance to him.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 112–115; Dec. Dig. § 44.*]

3. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF TESTIMONY.

Where, in an action for damages to land, the only testimony of damage was the testimony of plaintiff that it was hard for him to tell how much the land was damaged, but that it was damaged at least $100, a charge authorizing damages for $100 was erroneous as on the weight of the testimony.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413–466; Dec. Dig. § 194.*]

4. TRESPASS (§ 68*)—TRESPASS TO REALTY—EVIDENCE—INSTRUCTIONS.

Where, at the time of the purchase of timber on land described by metes and bounds, the lines were pointed out to the purchaser, who did not claim any other line until a short time before the filing of an action against him for cutting timber on a tract not included within the lines pointed out, and the description did not justify a new line claimed by the purchaser, an instruction authorizing a verdict for the purchaser if the new line relied on would strike a line referred to in the description was properly refused.

[Ed. Note.—For other cases, see Trespass, Dec. Dig. § 68.*]

Appeal from District Court, Tyler County; W. B. Powell, Judge.

Action by W. T. Stewart against J. R. Chapman and others. From a judgment for plaintiff against defendant Kirby Lumber Company, it appeals. Reversed and remanded.

J. A. Mooney and Andrews, Ball & Streetman, for appellant. Joe W. Thomas, for appellee.

McMEANS, J. This suit was brought by W. T. Stewart against J. R. Chapman, D. G. Mann, and the Kirby Lumber Company to

recover damages for timber alleged to have been cut from a tract of 24½ acres of land in Tyler county, claimed by plaintiff, and for injury and damage to the land itself alleged to have been caused by hauling, and dragging logs over the same; the damages claimed aggregating $2,544.90. The defendants each pleaded a general denial, and the Kirby Lumber Company brought in by cross-action its remote warrantors who, prior to trial, were dismissed from the case. A trial resulted in a verdict and judgment for plaintiff against the defendant Kirby Lumber Company for the sum of $85 for timber and $100 for damages to the land caused by hauling and dragging timber over the same, and against plaintiff in favor of the other defendants Mann and Chapman. From this judgment the Kirby Lumber Company, after its motion for a new trial had been overruled, has appealed.

The 24½ acres of land in question is a part of a tract of 200 acres described in a deed from Wm. Neyland to R. C. Fulgham. On the western side of the 200-acre tract there are two lines running north and south and paralleling each other, and the 24½-acre tract is that lying between these two lines. The 200-acre tract was conveyed by Fulgham to S. A. Hawthorne, and under Hawthorne both appellee and appellant claim in the following manner: (a) On June 21, 1902, Hawthorne and wife and the said Fulgham conveyed to W. W. Wilson the timber on 100 acres of the 200-acre tract, describing the 100 acres by metes and bounds, and Wilson's title passed to the Kirby Lumber Company. (b) On October 31, 1906, after the aforesaid conveyance had been duly recorded, Hawthorne and wife conveyed the 200 acres of land to W. B. Fondren and wife, and the parties last named afterwards conveyed the same to appellee, W. T. Stewart. The description in the timber deed from Hawthorne and wife and Fulgham to Wilson is as follows: "All of the timber, standing, lying and growing upon the following described tract or parcel of land lying and being situated in Tyler county, Texas, and a part of the Wm. Campbell league in said county and state, containing 100 acres more or less, and being a part of the same tract of land conveyed to me, the said S. A. Hawthorne by R. F. Fulgham, on the 31st day of December, A. D. 1897, and described as follows: Beginning at the northeast corner of said tract; thence west to the northwest corner of said tract; thence south to where the present farm fence now stands; thence in an easterly course with said fence to Wolf creek; thence down said creek to where the east line of said tract crosses said creek; thence north to the place of beginning, and for further description reference is hereby made to land records of Tyler county in Book J, page 525." By the terms of the timber deed Wilson and his heirs were given the right of ingress and egress to and from all portions of said land and the adjoining lands for the purpose of cutting and removing the timber.

Appellee's contention is that the west line of the 100-acre tract described in the timber deed was the interior one of the two lines running north and south on the west side of the 200-acre tract and not the exterior line.

Appellant by its first assignment of error complains of the fourth paragraph of the court's charge, which is as follows: "You are instructed that, the plaintiff having shown himself to be the owner of all the Fulgham 200-acre survey, the burden of proof to establish by a preponderance of the evidence rests upon defendant to show the timber cut by the Kirby Lumber Company was upon the land included in the field notes in the deed from Hawthorne and wife and Fulgham to W. W. Wilson; and if you believe that all of the timber cut by D. G. Mann for the Kirby Lumber Company was off of the said 100 acres, then you will find for the defendants."

Appellant under this assignment argues that the burden of proof remains on a party affirming a fact in support of his case, and does not change under any aspect of the cause, though the weight of evidence may shift from side to side according to the nature and strength of the proof offered in support or denial of the main fact to be established; and the defendant having filed a general denial to plaintiff's petition, seeking the recovery of damages for timber cut from the land described in the petition, the burden of proof was upon plaintiff throughout the case, and that it was error for the court to impose the burden of proof upon the defendant, and cites Clark v. Hills, 67 Tex. 142, 2 S. W. 356, in support of this contention.

We think the contention is sustained by the case cited, as well as by the following: Railway v. Burns, 71 Tex. 481, 9 S. W. 467; Scott v. Pettigrew, 72 Tex. 329, 12 S. W. 161; Jester v. Steiner, 86 Tex. 419, 25 S. W. 411.

Appellee's counsel, in oral argument before this court, contended that, as appellee had shown himself to be the owner of the 200 acres which included the 24½ acres in question, a prima facie case in his favor for the damages sued for was made, and that thereupon the burden of proving that the 24½-acre tract was included in the timber deed rested upon the defendant, and cited, among other cases, in support of his contention, Ayers v. Lancaster, 64 Tex. 311.

[1] It appears to be the true rule that the burden remains upon the plaintiff to prove all affirmative matter essential to the establishment of the cause of action alleged in his petition, and that the burden does not shift to the defendant, even though plaintiff has by his evidence established his case prima facie. It is only in those cases where the plaintiff has made out his case which the defendant seeks to overthrow by proof of some substantive defense, such, for instance, as limitation, contributory negli-

gence, or matters pleaded in confession and avoidance, that it is proper for the court by its charge to place the burden upon defendant, and then only to prove the matters constituting such defense.

[2] In this case plaintiff sought a recovery for damages occasioned by taking timber he claimed to own. In order to recover it was not only incumbent upon him to allege and prove that he was the owner of the land in question, but that the timber taken was *his* timber, and until this was shown he did not discharge the burden resting upon him. It follows therefore that the giving of the charge complained of was error for which the judgment of the trial court must be reversed.

[3] At plaintiff's request the court gave to the jury the following special charge: "You are charged that, the evidence being undisputed as to damages to the land, you are instructed that, if you find for plaintiff for the timber, you will find for him as to damages to the land in the sum of $100." The jury in response to this special charge returned a verdict in favor of the plaintiff for $100 damages to the land. The only testimony serving as a basis for the charge, was that of plaintiff, himself, who testified: "They damaged the land in hauling off that timber. They damaged it a right smart—it it would be hard for me to tell just how much they did damage it for farming purposes, at least $100." There was no testimony as to the amount of damage to the land other than this testimony of plaintiff. Appellant contends that, there being no testimony other than that of plaintiff as to the amount of damages to the land, the charge was erroneous, in that it was a charge upon the weight of the evidence and withdrew from the jury the privilege of passing upon the credibility of the witness and the weight to be given his testimony.

The assignment must be sustained. The plaintiff was an interested witness, and the jury had the right to consider such interest in determining the credibility and the weight to be given his testimony. Brown v. Griffin, 71 Tex. 659, 9 S. W. 546; Goggan v. Synnott, 134 S. W. 1186; Railway v. Brock, 35 Tex. Civ. App. 155, 80 S. W. 424; Railway v. Batte, 107 S. W. 635.

[4] The refusal of the court to give appellant's special charge No. 1 is made the basis of appellant's third assignment of error. The requested charge is as follows: "You are instructed that if you find that a line from the northwest corner of the Fulgham 200-acre tract run due south will strike the line of the farm fence as it was in 1902, and that by following said fence in an easterly direction Wolf creek will be reached, you will find for defendants without reference to any other issue in this case." This charge is based upon the following state of facts: It is conceded that there are two parallel lines running north and south on the western boundary of the 200-acre tract. The evidence indisputably shows, we think, that the most western of these is the true west boundary line of the survey. The timber deed dated June 21, 1902, calls to run from the northwest corner of the survey south to where the present farm fence now stands; thence in an easterly course with the fence to Wolf creek, etc. It was shown that a line run due south with either of the western lines would, in 1902, strike a farm fence, and this fence, when followed in an easterly direction, would lead to Wolf creek. It was shown, however, that the distance in reaching the fence by following the exterior western line would be much greater than on the interior line, and that on account of a bend in the creek the creek would be crossed twice before the southwestern corner, as contended for by appellant, would be reached. In other words, starting from the place appellant contends is the southwestern corner of the 100 acres described in the deed, and proceeding eastwardly with the fence, Wolf creek would be reached in a short distance. Then following the creek on the next call it would be necessary on account of bend to go in a westerly direction crossing the exterior line and passing on to another tract, thence circling back again, across this line on its eastward course, and so on to the next call. Again, several witnesses testified, and no contradiction of their testimony has been called to our attention, that, when Wilson bought the timber on the 100 acres, the interior of the eastern of the two lines was pointed out to him as the western line of the tract, and that the intersection of the interior line with the north boundary line was pointed out to him as his northwest corner, and that he did not claim to the westward of this line and take the timber therefrom until a short time before the filing of this suit.

We think that under these facts the court did not err in refusing to give the requested special instruction, and the assignment is overruled.

Other assignments presented by appellant in its brief have been examined by us and found to point out no reversible error.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.