## BOAZ v. HARRIS.

### No. 12353.

Court of Civil Appeals of Texas. Fort Worth.
June 28, 1930.

Charles Kassel and Melvin F. Adler, both of Fort Worth, for appellant.

Slay & Simon and Cecil Rotsch, all of Fort Worth, and Hampden Spiller, of Lubbock, for appellee.

CONNER, C. J.

Charles H. Harris, plaintiff below, instituted this suit against Z. Boaz, defendant below, to recover an unpaid balance of $800 alleged to be due on the purchase price of 33 head of bulls sold and delivered by him to appellant, Z. Boaz. Plaintiff alleged that the contract of sale was that the defendant should pay $150 per head for the first 20 bulls and $100 per head for the remaining number.

The defendant answered by a general denial. The testimony of the plaintiff was in accord with his allegations; that of the defendant was to the effect that the contract price agreed upon was that he should pay $125 per head for the first 25 bulls, and $100 per head for the remainder.

The case was submitted to a jury upon a charge, which, including special issues and their answers, reads as follows:

"1. Did the plaintiff, Chas. H. Harris, and the defendant, Z. Boaz, agree that the defendant would pay the plaintiff $150 per head for the first twenty bulls?

"Answer: Yes.

"2. If you have answered the foregoing question in the affirmative you need not an-

swer this question, but if you have answered the same in the negative, then answer:

"Did the plaintiff and defendant agree that the defendant would pay to the plaintiff $125 per head for the first twenty-five bulls?

"Answer: ———— .

"3. How many bulls did the plaintiff deliver to the defendant?

"Answer: Thirty-three.

"The burden of proof is upon the plaintiff to prove by a preponderance of the evidence (and by a preponderance of the evidence is meant the greater weight of the testimony) the affirmative of special issue No. 1 and the number of bulls inquired about in special issue No. 3, and the burden of proof is upon the defendant to prove by a preponderance of the evidence the affirmative of special issue No. 2.

"You are the exclusive judges of the credibility of the witnesses, of the weight to be given their testimony, and of the facts proved."

Upon the verdict so returned, judgment was rendered in behalf of plaintiff for the aggregate amount of $1,157.73, the same being for the unpaid balance on the purchase price of the cattle plus interest at the rate of 8 per cent. per annum, which the plaintiff alleged had been agreed upon for the deferred payments. From the judgment so entered, the defendants, Z. Boaz, has duly prosecuted this appeal.

■■■ Error has been assigned to the charge of the court in placing the burden of proof upon appellant, and we think the assignment must be sustained. We need not cite authorities for the general rule that the burden of proof always rests upon the plaintiff to establish the facts necessary to recover the relief sought by him. It is equally well established that the burden of proof never shifts from the plaintiff to the defendant, but is on the plaintiff throughout the trial to establish by a preponderance of the evidence the affirmative of the issue or issues upon which he relies for a recovery. See Boswell v. Pannell, 107 Tex. 433, 180 S. W. 593. As also said in Fritsche v. Niechoy (Tex. Civ. App.) 197 S. W. 1017, 1018:

"The burden of proof does not shift at any time in the trial of a cause, though the weight of the evidence often does, and it is never permissible for the trial court in a case in which the affirmative facts necessary to sustain plaintiff's suit are controverted by any evidence offered by defendant, to charge the jury that the burden of proof on such facts is on the defendant."

■■■ The burden of proof rests upon the defendant only in those cases in which a defendant seeks to overthrow the prima facie case made by the plaintiff by proof of some substantive defense, such, for instance, as limitation, contributory negligence, or matters pleaded in confession and avoidance. See Kirby Lumber Co. v. Stewart (Tex. Civ. App.) 141 S. W. 295. Numerous other cases of like effect might be cited, but the rule so announced seems so well established that we need not add additional citations.

In behalf of appellee on the submission of the case before us, it was substantially admitted that the court's charge in the particular objected to was erroneous, but it was insisted that the error was harmless under the operation of Rule 62A, which provides that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case.

In construing Rule 62A, our Commission of Appeals, section A, in the case of Bain Peanut Co. v. Pinson, 294 S. W. 536, had this to say, quoting from the headnotes:

"Court of Civil Appeals' rule 62a, preventing reversal for errors during trial not calculated to result in improper judgment or to prevent proper presentation of case, should not be construed to permit litigant to wrongfully prejudice adversary's rights and cast on adversary the burden to show that harm resulted."

In M., K. & T. Ry. Co. v. Hannig, 91 Tex. 347, 43 S. W. 508, 509, where improper evidence was admitted, the Supreme Court, speaking through Chief Justices Gaines, said:

"The true rule is that in such a case, in order to hold that the error does not require a reversal of the judgment, it ought clearly to appear that no injury could have resulted from the admission of the evidence. Since it does not so appear with reference to the testimony in question, the judgment must be set aside, and a new trial awarded."

It is argued in behalf of appellee that inasmuch as no answer was returned to special issue No. 2, the charge casting upon the defendant the burden of proof to establish an affirmative answer to that issue manifestly was without prejudice. We, however, feel unable to say that the record as a whole is manifestly so.

■■ It is to be noted that the defendant pleaded the general denial only. He set up in his pleadings no special defense, nor does his evidence present an affirmative defense to establish which the burden was upon him. His evidence, as to the terms of the contract, was clearly admissible under his general denial, and the charge was that if the jury returned the answer "yes" to issue No. 1, then issue No. 2 need not be answered. But the

jury in considering issue No. 1 and the evidence of the plaintiff in support of his rendition of the contract may have had in mind the court's charge that the burden was upon the defendant to establish by a preponderance of the evidence the contract as he testified it was, and not having done so, it was proper to answer issue No. 1 in the affirmative. Indeed, we think under the facts of this case that it was error for the court to submit at all the rule casting upon the defendant the burden of proof; the least that can be said about the charge is that it may have been confusing and misled the jury to appellant's prejudice.

As said in the similar case of Q., A. & P. Ry. Co. v. Novit (Tex. Civ. App.) 199 S. W. 496, 498:

"Such charge as given, however, would be apt to be confusing to the jury as it might deprive the defendant of the benefit of its general and special denials, which do not constitute affirmative matters of defense, and might lead the jury to conclude that the burden as to the plaintiff's right to recover would shift upon his making a prima facie case by his own evidence, which would be an incorrect application of the law. Kirby Lbr. Co. v. Stewart [Tex. Civ. App.] 141 S. W. 295."

We conclude that for the reasons stated, the judgment below must be reversed, and the cause remanded for a new trial.