## GREENWOOD v. SENTER.
### No. 1679—6165.

Commission of Appeals of Texas, Section A.
June 23, 1933.

McCart, Curtis & McCart and Goree, Odell & Allen, all of Fort Worth, for plaintiff in error.

Marvin H. Brown & Son, of Fort Worth, and E. G. Senter, of Dallas, for defendant in error.

HARVEY, Presiding Judge.

This suit was brought by the defendant in error, E. G. Senter, against the plaintiff in error, J. W. Greenwood, to recover the reasonable value of services rendered by the former, as attorney at law, in behalf of the latter in three certain suits, styled respectively,

J. P. Yeldell v. J. W. Greenwood, in the district court of Freestone county; M. P. Layden et al. v. A. L. Huey et al., in the district court of Kaufman county; and J. H. Babbington et al. v. J. W. Greenwood and J. M. Senter, in the district court of Coleman county. The fee claimed in the last-mentioned suit was held by the trial court to be barred by limitation and is not here involved. The defendant in error alleged that the contract of employment in all the cases was oral, and that no specific amount was agreed upon by the contracting parties as compensation for the services of the defendant in error in any of said cases. The plaintiff in error answered with a general denial and further specially pleaded in substance and effect that in employing the defendant in error in the Babbington case and the Yeldell case, a fee of $225 for the services of the defendant in error in both of those cases was agreed upon by the parties at the time, and that this amount has been paid. The plaintiff in error further specially denied that he employed the defendant in error in the Layden case. The several fact allegations contained in the pleadings of the respective parties were supported by testimony introduced at the trial. The case was tried to a jury on special issues, and the jury found, among other things, the reasonable value of the defendant in error's services in the Layden case and the Yeldell case, respectively, and judgment was rendered by the trial court for the defendant in error for the aggregate of the amounts found, less certain credits. The only special issues submitted to the jury respecting an agreement as to the amount of the fee of the defendant in error, in any of said cases, were special issues Nos. 5 and 6, which together with the accompanying instruction, and the jury's answer, read as follows:

"5. Did the plaintiff, E. G. Senter, accept the check of J. W. Greenwood for $125.00 in evidence before you, in full settlement of the balance of the fee that J. W. Greenwood had agreed to pay him in the Yeldell case? Answer Yes or No. Answer: 'No.'

"6. When the plaintiff herein, E. G. Senter, was employed by the defendant, J. W. Greenwood, in the Yeldell case, pending in Freestone County, did the plaintiff and the defendant Greenwood agree on the amount of the fee for the services contemplated to be rendered in said case? Answer Yes or No. Answer: 'No.'

"The burden of proof is upon the defendant to establish by a preponderance of the evidence the affirmative answer to questions five and six."

■ The plaintiff in error complains of the submission of special issue No. 5, in the form same was submitted, and we are not sure that his complaint in this respect is entirely groundless. But be that as it may, the com-

plaint of the plaintiff in error in another respect is clearly well founded. He complains of the action of the trial court in instructing the jury that the burden was on the plaintiff in error to establish the affirmative answer to special issue No. 6. It cannot be denied that the alleged fact that the employment contract did not embrace an agreement as to the amount of the defendant in error's fee, was a fact essential to a recovery by the defendant in error, on quantum meruit, for the reasonable value of his services. The burden rested on him to establish this essential fact. No burden at all rested on the plaintiff in error in that respect. Keesey v. Old, 82 Tex. 22, 17 S. W. 928; Boaz v. Harris (Tex. Civ. App.) 30 S.W.(2d) 810; Kirby Lumber Co. v. Stewart (Tex. Civ. App.) 141 S. W. 295; Rosenthal Dry Goods Co. v. Hildebrandt (Tex. Com. App.) 7 S.W.(2d) 521. The defendant in error insists, however, that since the plaintiff in error specially pleaded that the amount of the fee in the Yeldell case was agreed upon, the latter assumed the burden of establishing that fact. The case of Boswell v. Pannell, 107 Tex. 433, 180 S. W. 593, is cited in support of this contention, but the situation there is clearly distinguishable from the present situation. There the charge placed the burden on the defendant to prove the defense of purchaser without notice, for a valuable consideration, as pleaded by him. In the present instance special issue No. 6 involved an inquiry respecting a single fact which was a necessary ingredient of the defendant in error's case. It is gravely doubtful that, even if the plaintiff in error had specially pleaded, in defense, the mere fact that the amount of the fee was agreed upon at the time of the employment, the burden could be cast on him to establish such fact. That question, however, is not before us. The allegations of the plaintiff in error's answer were, as stated, to the effect that the amount of the defendant in error's fee was agreed upon at the time he was employed, and that this amount has been paid. The averment that the parties agreed on the amount of the fee was made in correlation with the further averment that said amount has been paid. Both averments were presented as composing a single ground of defense. By pleading this composite ground of defense, the plaintiff in error certainly did not assume the burden of establishing simply the bare fact that the amount of the fee was agreed upon; yet the trial court put that very burden on him.

■ In respect to the fee in the Layden case, we find no error. The testimony in behalf of the defendant in error shows that the latter was employed in that case, but that the amount of his fee was not agreed upon. The plaintiff in error testified that he did not employ the defendant in error in that case. The jury found that he did. The testimony raised

a fact issue as to whether, in regard to that case, there was a contract of employment made, and that issue was submitted to the jury and determined by them; but the testimony shows, without dispute, that if such contract was made the amount of the fee was not stipulated. The trial court was therefore not required to submit to the jury a special issue. making inquiry in this last mentioned respect.

We therefore recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, 'in so far as same allows the defendant in error a recovery in respect to services rendered by him in the Yeldell case, be reversed and the cause remanded; and that in all other respects the judgment of both courts be affirmed.

CURETON, Chief Justice.

Judgments of the district court and Court of Civil Appeals are both in part affirmed and in part reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.