## SMALL v. LANG et al.
### No. 15220.

Court of Civil Appeals of Texas.
Fort Worth.

March 30, 1951.

Rehearing Denied May 25, 1951.

Thompson, Knight, Wright, Weisberg & Simmons, and Dan Rogers, all of Dallas, for appellant.

Cantey, Hanger, Johnson, Scarborough & Gooch, of Fort Worth, for appellees.

CULVER, Justice.

Appellant David Small brought this suit against S. R. Lang individually and as independent executor of the estate of Alex Wolf and certain others, d/b/a a partnership under the name of Wolf & Klar. He claims that late in 1940 he was employed by Wolf & Klar and within a few months thereafter, was notified by Lang that the company was to be reorganized, that plaintiff's interest in the business was to be 6% and that plaintiff was to pay $150 to the defendants immediately. He further alleges that "In confirmation of said agreement defendant Lang gave plaintiff a written notice to the effect that plaintiff's interest was 6% and plaintiff immediately paid to the defendants the sum of $150." In the alternative it is charged that, if he be mistaken in the foregoing claim, Lang then proposed to him orally that his interest in said company should be in the nature of a profit sharing interest and the plaintiff should pay to Wolf & Klar $150 and continue to work for Wolf & Klar and that plaintiff would receive 3% of the net profits before taxes."

Motion was made by the defendants for a summary judgment and after the presentation of evidence including the deposition of the appellant, the trial court sustained the motion and granted the summary judgment. The points raised by appellant in his appeal, sixteen in number, all bear upon the same proposition and present the sole question, namely, does the evidence considered in its most favorable aspect toward appellant raise any substantial disputed question of fact, the determination of which in appellant's favor would entitle him to a judgment against appellees.

■ Rules of Civil procedure, 166–A provide in part: "The judgment [summary] sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Mr. Stayton in his article, "Summary Judgment" Texas Bar Journal, Vol. XIII, p. 474, states the rule as follows: "The weight of authority and the general view seem to be, * * * that summary judgment will lie and will only lie if the state of facts at the hearing of the motion would, if presented in a jury trial, entitle movant with all reasonable doubts resolved against him, to a peremptory instruction." Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101, Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016, Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967.

■■ In appellant's deposition, his testimony as to a written contract with defendants giving him a 6% interest in the business is vague, uncertain and indefinite. He testifies that the agreement was on a sheet of paper "with about three inches of typewritten wording on it"; that he, the appellant, did not sign the agreement and he does not remember whether anyone else did; that the instrument has been lost and that he had not seen it since shortly after Lang gave it to him some ten years ago. He did not recall the date of the instrument but thought it was given him sometime early in 1941. He did not know whether the contract provided that he was to receive six percent of the capital stock or a six percent "interest." His understanding was that two other employees, Tiras and Gilden, were given the same kind of a deal. He further testified that he (the appellant) was to make a small down payment in cash and though he did not recall the amount specified in the contract, he did pay $150. At another point in his deposition, he thinks that the amount specified in the written contract was $200 or $300. Appellant admits that at the time in question he knew that Wolf & Klar was a corporation and that the stock was owned by Alex Wolf. The testimony of appellant so far as any written contract is concerned to give

him a six percent interest in the company is too indefinite and uncertain to support the submission of any issue to a jury or any findings in answer thereto. "It is essential to the validity of a contract that it be sufficiently certain to define the nature and extent of its obligations. If an agreement is so indefinite as to make it impossible for a court to fix the legal liability of the parties thereto, it cannot constitute an enforcible contract." Moore v. Dilworth, 142 Tex. 538, 179 S.W.2d 940, 942. Again appellant testifies that it "could have been" that the writing he referred to was a letter signed by Dick Lang and given to him in October, 1940. Such a letter was introduced in evidence by defendant, dated October 1, 1940, addressed to the appellant, reading in part as follows: "There will be sold to you 3% of the stock of the capitalization of Wolf & Klar Inc. subject to a contract and conditions thereof. Such stock to be bought from Alex Wolf from that now owned by him and you will be indebted to Alex Wolf for the purchase price based on book value thereof as January 1, 1941. This stock will be issued subject to a contract and conditions thereof. This stock to be paid for in the following manner: $500 as initial payment and which amount is due and payable by October 10th, * * * the balance to be paid for by dividends declared by Wolf and Klar, Inc." It is entirely clear from a reading of appellant's own deposition, that the paper he referred to was the letter from Lang above mentioned. It is equally clear that the letter was a proposal or plan based upon certain conditions which were not consummated. The appellant admittedly did not pay the $500 cash consideration and the stock which the letter mentioned as belonging to Alex Wolf was never acquired. In short, the letter does not constitute a binding contract.

We therefore hold that the trial court was correct in his conclusion that the testimony as a matter of law could not support any judgment for appellant on his claim to the ownership of an "interest" in the partnership of Wolf & Klar.

It is admitted by appellees that an agreement with appellant was made in 1941, substantially as plead by plaintiff in his alternative plea, to the effect that so long as appellant worked for Wolf & Klar he would receive three percent of the net profits before taxes; that such an agreement was put into operation and the appellant was credited with such percentages annually until the year 1944 when, as claimed by appellees, he ceased to be an employee for Wolf & Klar and went to work as an employee for Wolf & Klar Wholesale Company. Appellees insist that for two reasons the appellant is not entitled to urge any claim at this time based on such an oral agreement; (a) because in his deposition he denies that he ever made any such character of agreement and denies that he is claiming that Wolf & Klar was indebted to him at this time on such agreement; (b) because such claim is now barred by the two and four year statutes of limitations. Vernon's Ann. Civ.St. arts. 5526 and 5527. Appellee Lang in his deposition admits that Wolf & Klar is indebted to the appellant in approximately $1600. The books of Wolf & Klar, introduced in evidence, carried forward each year since 1944 an amount owing to appellant of $1712. Appellee Lang testifies that no final settlement has been made with appellant because Wolf & Klar holds some unadjusted claims against the appellant. The deposition of appellant is quoted from as follows:

"Q. After you left you went off to Providence, R. I., you knew that you had a substantial credit balance on your account on the ledger, did you not? A. Yes, sir.

"Q. Then you are claiming that, whatever that balance is, aren't you? A. No, sir."

Appellees maintain that in view of such answer the trial court could not render any judgment in appellant's favor for any amount of money that might be admittedly owing to him by Wolf & Klar. However, following the above quoted testimony appellant was asked: "You weren't?" and

he answered, "I am claiming that amount was, according to what Mr. Lang told me, was to be applied in payment of my interest in the business. Otherwise I would have been expected to get it at the end of each year."

■ We do not take appellant's answer to mean that he is not claiming any money that may be owing him, but is still asserting that such balance was to be applied in payment of a stock interest rather than a profit sharing interest. We think, therefore, that defendants' admission of the making of a contract and the admission of an indebtedness on that contract, would warrant the rendition of some judgment in appellant's favor, subject to any unadjusted offsets, even though in his deposition he denied the making of such a contract. The facts involved in the case of Boaz v. Harris, Tex.Civ.App., 30 S.W.2d 810, are somewhat illustrative of this principle.

■ The appellees' claim that the testimony shows that this profit sharing interest was to be paid only during the time that appellant was employed by Wolf & Klar; that such employment was severed in 1944 and appellant went to work for Wolf & Klar Wholesale Company in Providence, Rhode Island. The books of the company introduced in evidence show that no credits were entered to appellant's account subsequent to 1944 and while appellant admits that subsequent to 1944 his salary was paid by Wolf & Klar Wholesale Company, nevertheless he insists in his deposition that he bought goods for Wolf & Klar and worked for all of the Wolf & Klar companies. We are of the opinion that the admission by appellee Lang of the debt and the introduction of the books in evidence showing a balance due to the appellant would remove the bar of limitations. In Hanley v. Oil Capital Broadcasting Association et al., 141 Tex. 243, 171 S.W.2d 864, 865, it is said: "Our decisions seem uniformly to recognize that, * * * it was never the purpose of the act to permit debtors to escape their obligations. Rather, the evil it sought to remedy 'was to prevent demands originally in-

valid or which had been discharged from being enforced after such a lapse of time as would probably make it impossible for defendants to procure the evidence by which a just defense could be established.' Therefore, the reason for the statute no longer exists when the defendant within a short time before the suit is filed, has acknowledged the justness of the demand." The Hanley case also holds: "And, if the writing acknowledges the justness of the claim, the acknowledgment imports (1) an admission that the claim is a subsisting debt and (2) a promise to pay it, if unaccompanied by any circumstances repelling the presumption of willingness or intention to pay." There would appear to be no such circumstances shown here.

We therefore hold that the trial court was correct in rendering a summary judgment against appellant on the claim asserted by him as to the ownership of any interest in the partnership of Wolf & Klar. We further hold that the trial court was in error in rendering a summary judgment against the appellant on a claim for a profit sharing interest based on the oral contract plead alternatively by appellant in the eighth paragraph of his amended petition. The case is therefore affirmed in part and reversed in part with instructions that a trial be had upon the merits of the claim asserted in such alternative plea. Inasmuch as appellant's appeal is denied in respect to by far the greater part of his asserted cause of action, the costs of this appeal are therefore proportioned two-thirds to the appellant and one-third to the appellee.

## On Motion for Rehearing and Motion to Certify

Both appellant and appellees have filed motions for rehearing and in addition, appellees have filed a motion to certify certain points to the Supreme Court.

■ Appellant cannot defeat the motion for a summary judgment merely by showing that there is a genuine issue of fact as to some phase of the case. We have held that there is shown no genuine issue of fact as to his claim for a 6% ownership interest in the business. Appellant is not en-

titled to a trial on the merits of this claim simply by showing an issue of fact with respect to his alternative claim for a 3% interest in profits. Texas Rules of Civil Procedure, 166–A(d). Appellant's motion is overruled.

 In their original brief, as well as in their motion for rehearing, appellees cite the following cases in support of their contention that, "he (Small) is conclusively bound by his sworn testimony that he never had any contract or agreement to receive or accept 3% of the net profits before taxes of Wolf & Klar retail," namely, Harlow v. Laclair, 82 N.H. 506, 136 A. 128, 130; Stearns v. Chicago R. I. & P. Ry. Co., 166 Iowa 566, 148 N.W. 128; and Sutherland v. Davis, 286 Ky. 743, 151 S.W. 2d 1021. The complaint is made that we did not discuss the same. It would unnecessarily lengthen this opinion to point out why we think the same does not bear out appellees' theory. In Harlow v. Laclair, supra, the principle is announced as follows: "the law recognizes the fact that parties, as well as other witnesses, may honestly mistake the truth, and requires juries to find the facts by weighing all the testimony, whatever may be its source." It is quite beyond the province of the court in a summary judgment proceeding to make any findings of fact where such are in dispute. Avrick v. Rockmont Envelope Co., 10 Cir., 155 F.2d 568. We think it not unreasonable to say that the gist of appellant's testimony is to the effect that according to his recollection of the terms of the written contract the same provided for a 6% interest in the ownership of the business. At least we do not think the court can find in this proceeding as a fact that such testimony is "deliberately false." We are of the opinion that the facts in this case are not at all similar to those in the above cases cited by the appellees. The declaration of appellant to the effect that his contract provided for a 6% interest in the business rather than 3% in the profits, was not enough to support the motion for summary judgment as to the latter claim, because, the appellees admit that an agreement to pay him 3% of the profits was made and that they have in their hands some money belonging to appellant under that agreement.

As to appellant's alternative claim for a 3% profit sharing interest, the suit, strictly speaking, is not remanded for trial, but the summary judgment denying the same is reversed, which automatically leaves the case open for such proceedings with reference to the 3% claim as would have been available to the parties had there been no summary judgment. Our opinion goes no further than to hold that there is a genuine fact issue as to the 3% profit sharing claim. We neither limit nor enlarge the issues on this point that may be made by the pleadings and the testimony in the trial on the merits. Appellees' motion for rehearing as well as their motion to certify are overruled.