H. V. (Bee) COCKRELL, Jr., J. Gilmer Blackburn, Trustee, Intervenor, Appellants,

v.

J. M. CRAUGH and J. M. Craugh & Co., Appellees.

No. 10780.

Court of Civil Appeals of Texas.

Austin.

June 8, 1960.

Rehearing Denied July 27, 1960.

517

Yale B. Griffis, Jackson, Walker, Winstead, Cantwell & Miller, John A. Bailey, Thompson, Knight, Wright & Simmons,

**518**

David M. Kendall, Jr., Jack M. Little, Dallas, for appellants.

Yale B. Griffis, Jackson, Walker, Winstead, Cantwell & Miller, John A. Bailey, Thompson, Knight, Wright & Simmons, David M. Kendall, Jr., Jack M. Little, Dallas, for appellees.

ARCHER, Chief Justice.

This suit was brought by H. V. (Bee) Cockrell, Jr., against J. M. Craugh, an individual, and J. M. Craugh and Company, a Texas corporation, jointly and severally, on a note dated April 11, 1952 in the amount of $23,000 with the typewritten signature of J. M. Craugh and Company on the note, and the written signature of J. M. Craugh on the note, and was also brought by the plaintiff against the said defendants jointly and severally for an amount of $14,500 cash money loaned by the plaintiff to the defendants. J. Gilmer Blackburn, Trustee, intervened, claiming to own the note for $23,000. Previous to the trial of the cause, plaintiff and intervenor advised all parties in open court that there was no conflict of interests between the plaintiff and intervenor. At the conclusion of the testimony, all parties moved the Court for an instructed verdict and the Court thereupon rendered judgment in behalf of plaintiff and intervenor against J. M. Craugh and Company, in the amount of $39,575, which is the principal and attorney's fees due on the note and the $14,275 debt, but denied any recovery against J. M. Craugh individually.

The appellant has made seventeen assignments of error and are that the court erred in overruling plaintiff's Motion for instructed verdict against the defendant Craugh individually; in sustaining Craugh's Motion for instructed verdict; in finding that Cockrell agreed to accept and did accept a $2,000 check from J. M. Craugh & Company and a note for $23,000 from J. M. Craugh & Company in return for his sixty shares of stock; in finding that the $23,000 note was only a corporate note and not the personal obligation of J. M. Craugh; in

finding that no fraud was committed by J. M. Craugh in the transactions involving the loans; in finding that J. M. Craugh & Company had regular directors' and stockholders' meetings; that Cockrell knew on April 11, 1952 that the corporate defendant was without funds to pay the $25,000 and would be for a considerable time; in holding that the note for $23,000 is barred by the four year statute of limitation against J. M. Craugh; that there had been no fraudulent conduct on the part of J. M. Craugh; in failing to disregard the corporate entity as of fact as well as of law; in failing to render judgment against J. M. Craugh for the full amount sued for.

Both the demand note for $23,000 and the oral promise to pay $14,275 became due and payable April 11, 1952, and suit was filed November 18, 1958. Appellants Craugh and Craugh & Company plead the two and four year statutes of limitation. By supplemental petition Cockrell plead that the enforcement of the debt was not barred by limitations because J. M. Craugh, president of the corporation, had orally acknowledged the debt and because the ledger book of the corporation contained the account and note payable items showing the amount owing to Cockrell.

Cockrell's complaint is that the Court should have granted his Motion for instructed verdict against J. M. Craugh, individually.

Craugh contends that the Court was correct in refusing judgment against him as an individual, but erred in rendering judgment against the corporation because the debts were barred by the statutes of limitation.

J. M. Craugh & Company was engaged in the cotton business from 1947 to 1952, ceasing operation in 1952 because of several financial losses. The company has been kept in existence by the payment of franchise taxes by Craugh.

Cockrell was elected vice president of the company in 1949 and during the subsequent three years loaned money to the company,

the exact dates are not shown, but there is no issue as to the loans or the amount. The last entry on the books of the company relative to the indebtedness was a credit of $225, reducing the account to $14,275 in December, 1956.

Cockrell sold his sixty shares of stock for a total consideration of $25,000, the down payment by a check drawn on the company's account for $2,000. A demand note for $23,000 was signed by typewritten signature of J. M. Craugh & Company and thereunder the written signature of J. M. Craugh, without words of his capacity as agent. The stock was transferred to the corporation by endorsement.

J. M. Craugh has never made any payments on the loan or note, or made any statements in writing acknowledging his liability to pay these claims.

We believe that the loans were made by Cockrell to the company and not to Craugh, but in any event the enforcement of the debts against Craugh are barred by the statutes of limitation. Articles 5526 and 5527, Vernon's Ann.Civ.St.

■ Since we believe that the debts are due by the company, Craugh could not be held by an oral promise, if one had been in fact made. Article 3995, Sec. 2, V.A.C.S.; Hoffer v. Eastland National Bank, Tex.Civ. App., 169 S.W.2d 275.

■ We do not believe that there is evidence in the record to show fraud on the part of J. M. Craugh, or that the corporate entity of the company should be pierced.

The corporation was duly organized and had its board of directors which met annually, and for special meetings, and the stockholders held meetings until 1952 when the company, having had several losses, ceased to operate. Hartnett Co. v. Shirah, 116 Tex. 154, 287 S.W. 902; National Hotel Co. v. Motley, Tex.Civ.App., 123 S.W.2d 461, er. dism., cor. judgm.

Cockrell testified that Craugh orally several times promised to pay both the demand note and the amount of the loan but could not fix the exact time and place when such promises were made.

Craugh denied that he ever made any promises to repay the note or the loan and such a promise if made to perform some act in the future does not amount to fraud, even though the promise is subsequently broken without excuse. Fox v. Miller, Tex.Civ. App., 198 S.W.2d 776, er. ref., N.R.E.; Collier v. Bankston-Hall Motors, Inc., Tex. Civ.App., 267 S.W.2d 898.

We do not believe that the debts of J. M. Craugh & Company are barred by limitation.

Mr. Craugh acknowledged in his testimony that the debts are presently valid obligations of the company and would be paid if ever the corporation became able. Hanley v. Oil Capital Broadcasting Ass'n, 141 Tex. 243, 171 S.W.2d 864; Small v. Lang, Tex.Civ.App., 239 S.W.2d 441, er. ref., N.R.E.

The judgment of the Trial Court is affirmed.

Affirmed.

On Motion for Rehearing by Plaintiff and Intervenor

HUGHES, Justice.

■ In order that there may be no misunderstanding, we hold that J. M. Craugh was personally liable on the $23,000 note, but that the suit against him is barred by the four year statute of limitation. He was liable on the note because he signed it without limitation. Art. 5932, Sec. 20 and Art. 5936, V.A.C.S.

Appellants contend that there was a fact issue of fraud. They say:

"Craugh himself proves the fraud when he testified that after he gave Cockrell the note and letter, that he never intended to pay it, even though he promised to do so by the note and

letter of April 11, 1952. * * * In addition the entire record and this very law suit reflects nothing less than an attempt by Craugh to defraud the man who had been his benefactor. Let us ask the question which proves the point. If Craugh did not and does not intend to defraud Cockrell, why does he not now personally honor the debts he personally made and acknowledged on April 11, 1952. Mr. Craugh has made no attempt whatever to make any sort of payment on the $23,000.00 obligation and has made no payment on the $14,275.00 balance. Yet, Mr. Craugh's palatial home in Highland Park evidences a princely standard of living."

Certainly the fact that an obligation is not honored is insufficient evidence of fraud, otherwise fraud would always be present to defeat the statute of limitations.

The statement of Mr. Craugh that he never intended to pay the note was not all of his testimony on this point.

The note was signed by both the corporation and Mr. Craugh. It was the position of Mr. Craugh that the debt was the debt of the corporation rather than his personal obligation.

The note was given in part payment for sixty shares of stock in the corporation owned by Mr. Cockrell and by him transferred to the corporation the day the $23,000 note was executed. The cash payment for the stock, $2,000, was made by check drawn on the corporation.

Mr. Craugh had written Mr. Cockrell as follows:

"In view of the fact that you gave me the opportunity of buying your 60 shares of stock in J. M. Craugh & Company, I wish also to thank you and do mutually agree herewith at a price of $25,000.00 as being the value of your 60 shares and herewith accept full responsibility of paying to you this amount in full. * * *"

Mr. Craugh testified:

"Q. Now, how do you reconcile the statement you just made that this is the debt of the corporation with this obligation you made over your signature? A. Well, in the first place, it is written on J. M. Craugh & Company stationery. We paid Mr. Cockrell $2,000 with J. M. Craugh & Company check, and as far as I am concerned personally, I never have been worth $23,000. I couldn't pay it personally, but I accepted the moral responsibility as president of J. M. Craugh & Company to see that the amount was paid, and I told Mr. Cockrell that on many occasions. I still tell him that. * *

"Q. Mr. Craugh, at the time you gave this note to Mr. Cockrell, did you ever personally intend to pay it? A. Personally?

"Q. Yes, sir. A. I intended to see that it was paid, as president of J. M. Craugh & Company and as a moral responsibility as president.

"Q. As president of the company? A. Yes, sir.

"Q. And, that was what you intended to do? A. Yes, sir.

"Q. But, personally you never intended to pay it; is that right? A. I couldn't pay it personally.

"The Court: Just answer the question, sir.

"Q. Personally, did you ever intend to pay this $23,000.00 note? A. I intended to see that it was paid—

"The Court: Just answer the question sir. A. No, I didn't intend to.

"Q. Personally you never intended to pay him? A. No, no."

On a bill of exceptions Mr. Craugh testified:

"Q. I show you Plaintiff's Exhibit 1, the note in question, and I believe

you testified yesterday that was prepared by Miss Fairchild? A. Yes, yes.

"Q. What were your instructions to her as to whose note it was to be? I mean, did you tell her to prepare a note for your— A. She heard a conversation between Mr. Cockrell and me.

"Q. And, prepared the note? A. Prepared the note.

"Q. Did you, in signing that note, intend to sign it in your capacity as an individual, or in your capacity as president of J. M. Craugh & Company? A. Definitely as president of the company because I didn't have any money in my personal account. I couldn't have paid for it if I had signed it that way.

"Q. Was it your intention to assume individually the responsibility for this note? A. No, sir; other than morally as president of J. M. Craugh & Company.

"Q. When, in your letter of April 11th, you referred to yourself, you said 'I' —what happened to that letter? Do you have that letter? (Obtaining instrument.) When, in your letter, you say that 'herewith accept full responsibility of paying to you this amount in full'—In what capacity were you speaking? As J. M. Craugh as an individual, or as J. M. Craugh, president of J. M. Craugh & Company? A. As president of J. M. Craugh, signed on J. M. Craugh & Company stationery."

This was a jury case in which motions for instructed verdicts were made by both sides and were both partly sustained and partly overruled, and in which the Trial Court filed findings of fact. One of these findings was:

"That no fraud was committed by Defendant J. M. Craugh or by J. M. Craugh & Company in these transactions involving loans by Plaintiff Cockrell to Defendant J. M. Craugh & Company and the purchase of J. M. Craugh & Company stock."

We believe the excluded evidence was admissible, not to defeat liability on the note, but to rebut the inference of fraud which appellants seek to draw from Mr. Craugh's statement that he never intended to pay the note.

Without considering this excluded evidence we find no evidence of fraud which would prevent the running of the statute of limitations. Appellants had four years during which no payment was made on this note in which to conclude that neither Mr. Craugh nor the corporation intended to pay it prior to the lapse of the statutory period. We do not believe the statement made by Mr. Craugh seven years after the note became due added anything new to the situation.

Appellant's contention that there was a relationship of trust and confidence between Mr. Craugh and Mr. Cockrell which prevents the running of limitations is completely without support. These gentlemen were personal and business friends, but there is no evidence that they did not deal with each other at arms length and in accordance with the independent judgment of each.

The evidence that Mr. Cockrell accepted the note because "we were good friends and I had utmost trust and confidence in him" is insufficient evidence of fraud, the rule being that "The mere relationship of friendship will not cause the law to infer such confidence and influence as raises a presumption against the validity of the transaction." 20-A Tex.Jur. p. 15.

The motion is overruled.

### On Motion for Rehearing by Corporate Defendant

During the years 1949 to 1952, Mr. H. V. Cockrell, Jr., served as vice president of the appellant company. During such period he

made cash loans to the company, leaving a cash balance due in 1952 of $14,500.

On January 1, 1953, the books of the company were carried forward for the last time and an entry was made on the ledger page showing an account payable to Cockrell for $14,500. On December 3, 1956 an entry was made debiting this account $225, thereby reducing the balance to $14,275.

The $23,000 demand note declared upon was executed by J. M. Craugh & Co. April 11, 1952. When the books of the company were carried forward on January 1, 1953 an entry was made on a ledger page showing this same amount as a note payable to Cockrell.

No subsequent entries were made to this account, nor has it been carried forward on the books of the company in any later years.

The books of the company are not shown to have been signed by anyone.

Appellees did not plead and they do not now contend that there was an acknowledgment in writing sufficient to remove the bar of the statutes of limitation to the enforcement of these claims.[1] They do contend, however, that since J. M. Craugh, president of the appellant corporation, testified, after being called to testify by appellees, that these claims constitute valid obligations of the corporation and that the corporation now owes this money, the bar of the statutes of limitation is removed, saying: "Certainly such sworn testimony should at least be the equivalent of a letter or memorandum."

Only two cases are cited to sustain this contention: Hanley v. Oil Capital Broadcasting Ass'n, 1943, 141 Tex. 243, 171 S.W. 2d 864, and Small v. Lang, Tex.Civ.App., Fort Worth, 239 S.W.2d 441, 444, writ ref., N.R.E.

The Hanley case is not in point. The court there considered and determined the sufficiency of a writing acknowledging the justness of a debt under Art. 5539, V.A.C.S.

Neither is Small v. Lang in point. The court there held that current books of a partnership showing an indebtedness to plaintiff coupled with the oral admission of one of the partners admitting the debt "would remove the bar of limitations."

In discussing the Hanley case, supra, the court in Small v. Lang said:

"The Hanley case also holds: 'And, if the writing acknowledges the justness of the claim, the acknowledgment imports (1) an admission that the claim is a subsisting debt and (2) a promise to pay it, if unaccompanied by any circumstances repelling the presumption of willingness or intention to pay.' There would appear to be no such circumstances shown here."

It is obvious that the Court in Lang held that the current entry on the books of the company was a sufficient writing under Art. 5539.

As shown above, we do not have a current entry on the books of appellant; neither do we have the contention, based on essential pleadings, that such books constitute a writing sufficient under Art. 5539.

It is elemental that the bar of a statute of limitations does not affect the debt, only its enforcement is denied.

If appellee's contention is correct then a plea of limitations could be defeated by placing the debtor on the witness stand and proving the justness of the debt. A party is not required to perjure himself in order to successfully plead the statutes of limitation.

It is to be noted that Mr. Craugh was not asked if he desired to withdraw the

1. Appellant states in its brief that "By Supplemental Petition, Cockrell pleaded that enforcement of the debt was not barred by limitations because appellant's President had orally acknowledged the debt and because appellant's ledger book contained account and no payable items showing the amount owing to Cockrell." No record reference is given to this pleading and we fail to find it in the transcript.

plea of limitations filed on behalf of the corporation.

 The question asked Mr. Craugh as to the validity of the claims against the corporation called for a legal conclusion and should not have been asked.

We are of the opinion that appellee's claims against appellant, account and note are barred by the two and four year statutes of limitation. Art. 5526, 5527, V.A. C.S., respectively. Appellant's motion for rehearing is granted and judgment is here rendered that appellees take nothing by their suit against appellant J. M. Craugh and Company.

Motion of appellants Cockrell et al. overruled and motion of appellant J. M. Craugh & Co. granted and as to it the judgment is reversed and rendered.