**Della Burk LIEURANCE, Appellant,**

**v.**

**AUSTIN INDUSTRIES, a Division of Calcasieu Lumber Company, a Texas Corporation, Appellee.**

**No. 11401.**

Court of Civil Appeals of Texas.

Austin.

May 11, 1966.

Sanders, Scott, Saunders, Brian & Humphrey, Don M. Dean, Amarillo, for appellant.

Robinson & Fotheringham, A. J. Robinson, Amarillo, for appellee.

PHILLIPS, Justice.

This is a suit brought upon two promissory notes against appellant Della Burk Lieurance and against Amarillo Furniture Company, a Texas corporation.

Appellant Lieurance filed her plea of privilege to be sued in Potter County, the county of her domicile. Art. 1995, Vernon's Civil Statutes. Appellant also filed a plea of non est factum. This appeal is from the order of the trial court overruling appellant's plea of privilege.

We affirm.

Appellant is before this Court with three points of error. These are the error of the trial court in overruling appellant's plea of privilege since there is no evidence to support the court's ruling and the findings of fact implied thereby; since the evidence is insufficient to support the court's ruling and the findings of fact implied thereby; since the implied findings are contrary to the great weight and preponderance of the evidence.

We overrule these points.

The promissory notes were prepared by appellee at its offices in Austin, Texas.

Both notes were signed by appellant Della Burk Lieurance, due to the fact that immediately above her signature the typewritten words "Amarillo Furniture Company" appear, appellant contends that the notes are those of the Amarillo Furniture Company and not the personal obligations of appellant.

The notes duly admitted in evidence with execution thereof proved, show on their face to be contracts in writing performable in Travis County, Texas. Thompson v. Republic Acceptance Corporation, 388 S.W.2d 404, Sup.Ct.

Subdivision 5, of Article 1995 provides the following exception to the general rule:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

In Cockrell v. Craugh, Tex.Civ.App., 338 S.W.2d 516, this Court held that a signature in a situation identical with that at bar and presenting the same defense, was the personal obligation of the party whose signature appeared thereon, citing Article 5932, Section 20, and Article 5936, V.A.C.S.

Appellant cites First State Bank of Denton v. Smoot-Curtis Company, Tex.Civ. App., 121 S.W.2d 667, as presenting a fact situation similar to the case at bar wherein the debt was held to be that of the corporation. This was not a plea of privilege case but was tried on the merits with findings by the jury that the maker signed as president of the corporation and that the note was accepted as a debt of the corporation.

Here we have the converse. There is sufficient evidence to sustain the implied findings of the court that appellee looked to appellant as the maker and that she signed the note in her individual capacity. There is no evidence that she ever signed the notes as an officer of the corporation, however

there is evidence that she owed the money, that the signature was hers and that appellee looked to her for payment.

We affirm the judgment of the trial court.

Affirmed.